TROWBRIDGE, C. PFEIFFER, Associate Judge.
Plaintiff, after undergoing numerous examinations by private physicians, voluntarily committed herself to South Florida State Hospital. Defendant, Dr. Edmee Linares, an employee of the State Hospital, diagnosed Plaintiff’s condition as a hysterical neurosis of the conversion type. Plaintiff was thereafter treated in all respects as a psychiatric patient during her commitment.
Upon her discharge, Plaintiff continued to suffer from weakness and paralysis. Ultimately it was ascertained that her problem was not of a psychiatric origin, but rather from a neurological disease. She thereupon brought the instant suit against several doctors and hospitals including Dr. Edmee Linares. Recovery was sought against Dr. Linares only to the extent of the doctor’s privately obtained liability coverage.
The trial court dismissed the complaint as to Dr. Linares and the insurance carrier upon a finding of governmental immunity and the case of Loucks v. Adair, 312 So.2d 531 (1st DCA Fla.1973).
Plaintiff appeals claiming that Fla.Stat. § 394.459 establishes the doctor’s liability for negligence. This claim was found invalid in Loucks, supra, and we concur in the reasoning of our sister court.
The second theory of recovery is based upon the insurance coverage obtained by Dr. Linares. However, no general law of Florida waives the sovereign immunity of the State (not sued here) or of its employees acting within the course and scope of their official duties. Accordingly, the insurance policy is irrelevant to the issues here.
Affirmed.
CROSS and MAGER, JJ., concur.