419 So.2d 1151 (1982)
Crystal A. TUBBS, As Personal Representative of the Estate of Carole A. Tubbs, Deceased, Appellant,
v.
James F. DRESSLER, As Personal Representative of the Estate of F. Eugene Tubbs, Deceased, and Compass Insurance Company, a Foreign Corporation, Appellees.
No. 81-993.
District Court of Appeal of Florida, Fifth District.
September 29, 1982.
Joan H. Bickerstaff and Andrew A. Graham of Reinman, Harrell, Silberhorn, Moule, Boyd & Graham, Melbourne, for appellant.
Ernest H. Eubanks of Pitts, Eubanks & Ross, P.A., Orlando, for appellees.
Jane Kreusler-Walsh and Larry Klein, West Palm Beach, for Academy of Florida Trial Lawyers, amicus curiae.
ORFINGER, Chief Judge.
Questions of interspousal and interfamily immunity present themselves again. On July 4, 1978, while riding as a passenger in a private aircraft owned and piloted by her husband, F. Eugene Tubbs, Carole Tubbs and her husband were killed when the plane crashed. Carole was survived by four children, appellant Crystal Tubbs, who is personal representative of her mother's estate, Kelly Tubbs, Michael Tubbs and Patrick Tubbs.[1] Both Michael and Patrick were the children of Eugene and Carole Tubbs; Crystal and Kelly were not related to Eugene Tubbs by blood or adoption.
The present action was filed by appellant, as personal representative of the Estate of Carole Tubbs, against the Estate of Eugene Tubbs and Compass Insurance Company, his insuror, to recover damages sustained by Carole's estate and by her heirs, under and to the extent of coverage provided by a policy of aircraft liability insurance issued by Compass and owned by Eugene Tubbs. The action was dismissed on the grounds that the doctrines of interspousal and interfamily tort immunity absolutely barred all claims by the estate of Carole Tubbs or her heirs against the estate of her deceased husband or his insurer. This appeal follows. We reverse.
We address these issues:
1. Does the doctrine of interspousal immunity bar the action on behalf of the deceased wife's estate against the deceased husband's estate and his insurer, *1152 when the claim is for the coverage provided by the husband's liability insurance policy?

2. Does the doctrine of either interspousal or interfamily immunity bar a wrongful death action on behalf of the deceased wife's children against the deceased husband's estate and his insurer, when the claim is for the coverage provided by the husband's liability insurance policy?

Section 768.19, Florida Statutes (1977) says:
When the death of a person is caused by the wrongful act, negligence, default or breach of contract or warranty of any person ... and the event would have entitled the person injured to maintain an action and recover damages if death had not ensued, the person ... that would have been liable in damages if death had not ensued shall be liable for damages ... notwithstanding the death of the person injured... . (emphasis added).
Appellee argues that since the deceased wife would not have been entitled to maintain an action and recover damages from her husband had she lived, because of the doctrine of interspousal immunity which is still recognized in this state, neither her survivors nor her estate have any of action under the wrongful death statute.
At the time this case was decided by the trial court, and at the time of oral argument before this court, the first issue (interspousal immunity) would have been controlled by Raisen v. Raisen, 379 So.2d 352 (Fla. 1979), cert. denied, 449 U.S. 886, 101 S.Ct. 240, 66 L.Ed.2d 111 (1980), and we would have been constrained to affirm the trial court's dismissal of the action seeking damages for the wife's estate. Since oral argument here, the Supreme Court has decided a series of cases which, although they do not directly address the precise factual circumstance before us here, nevertheless indicate to us a change of thinking by that court, and a modification of the doctrine.
Before reviewing these cases, it is important that we briefly summarize the public policy reasons upon which the doctrine of interspousal and parental tort immunity has been based. As stated in Raisen,
In Gaston v. Pittman, 224 So.2d 326 (Fla. 1969), we recognized the validity of the public policy arguments supporting the doctrine: that interspousal tort actions disturb domestic tranquility; cause marital discord and divorce; cause fictitious, collusive and fraudulent claims; cause a rise in liability insurance; and promote trivial actions. Again, in Orefice v. Albert, 237 So.2d 142 (Fla. 1970), we acknowledged as the established policy of this state that suits will not be allowed among members of a family unit for tort, and we said "[t]he purpose of this policy is to protect family harmony and resources."
Id. at 354. Interspousal immunity and parental immunity thus find their support in similar policy reasons.
In Ard v. Ard, 414 So.2d 1066 (Fla. 1982), the Supreme Court modified the doctrine of parental immunity to the extent that the negligent parent is protected by liability insurance, citing to other states which have abolished or limited immunity, and saying:
For many of these states, a major justification for this abrogation has been the development and widespread use of liability insurance. The presence of this type of insurance cannot create a liability where none previously existed, but, rather, forms the basis for the recognition of the change in conditions upon which the public policy behind the immunity is based. Several policy reasons have been relied on to justify this immunity. They include the preservation of domestic harmony and tranquility; depletion of the family assets in favor of the claimant at the expense of the other family members; danger of fraud and collusion between the parent and child when insurance is involved; interference with parental care, discipline, and control; and the possibility of inheritance by the parent of the amount recovered by the child.
The Court conceded that where such insurance exists, "... the domestic tranquility argument is hollow, for in reality the *1153 sought after litigation is not between child and parent but between child and parent's insurance carrier." 414 So.2d 1066.
But for the bar created by the doctrine of interspousal immunity, a cause of action on behalf of Carole Tubbs would exist. On the basis of Ard as it applies to the parental immunity, there is no reason in logic or public policy to conclude that the same principles do not also apply to interspousal immunity. Nothing compels us to a contrary conclusion. We find further support for this position in the language of Hill v. Hill, 415 So.2d 20 (Fla. 1982), where, in refusing to abrogate interspousal immunity for intentional torts committed by one spouse against the other, the court said:
We also point out that in this circumstance we are unable to modify our immunity doctrine as we did with parental immunity in Ard v. Ard, 414 So.2d 1066 (Fla. 1982), because insurance coverage is not available for intentional torts.
The action here is for a negligent tort, and is against the insurer which allegedly has coverage. We thus hold, for the reasons set forth in Ard, that interspousal immunity for negligent acts is waived to the extent of the negligent spouse's available insurance coverage. We will certify this question to the Supreme Court as a matter of great public importance.
What we have said about issue 1 also applies to issue 2. Ard has modified the doctrine of parental tort immunity by permitting an action by children against a parent to the extent of available insurance coverage, and that is all that is requested by the plaintiff in this action. Thus, parental immunity is no bar under the facts of this case.
Because the briefs were filed and the case was argued before Ard, appellant had asked us to hold that the right of the surviving children to sue was governed by the opinion in Shiver v. Sessions, 80 So.2d 905 (Fla. 1955). In that case, the plaintiffs were the four children of Martha Dona Sessions, deceased, who was shot and killed by her husband (the children's stepfather), who then killed himself. Suit was filed by the children against the estate of their stepfather, to recover damages sustained by them by reason of their mother's death.[2] The statute under which the action was brought required that, as a condition of suit, the wrongful act or negligence must be such "as would, if the death had not ensued, have entitled the party injured thereby to maintain an action ... and to recover damages in respect thereof ..." The trial court dismissed the action on the ground of interspousal immunity. The court held that the wrongful death statute created a new and independent right of action in the survivors, separate, distinct and independent from that which might have been sued on by the injured person, had he or she lived; that the wife's disability to sue the husband was a personal disability and did not inhere in the tort itself, and that
it is unreasonable to imply that the Legislature intended to bar the "right of action" created by the Act on account of a disability to sue which is personal to a party having an entirely separate and distinct "right of action" and which does not inhere in the tort  or "cause of action"  upon which each separate right of action is based.
Appellee suggests that Shiver was overruled by Raisen, and also cites Horton v. Unigard Insurance Company, 355 So.2d 154 (Fla. 1978), where Shiver is distinguished. Since only the insurance proceeds are sought here, we need not decide whether Shiver supports appellant's theory or whether it was indeed overruled by Raisen, and we leave that question for another day.[3] The facts of this case are controlled *1154 by the decision in Ard, which was not available to the trial court when it dismissed the action below.
The order of the trial court dismissing the action is reversed, and the cause is remanded for further proceedings consistent herewith.
We certify the following question as being of great public importance:
IS THE DOCTRINE OF INTERSPOUSAL IMMUNITY, LIKE THE DOCTRINE OF PARENTAL IMMUNITY, WAIVED TO THE EXTENT OF AVAILABLE LIABILITY INSURANCE, WHEN THE ACTION IS FOR A NEGLIGENT TORT CAUSING INJURY OR DEATH?
REVERSED and REMANDED. Question certified.
FRANK D. UPCHURCH, Jr. and COWART, JJ., concur.
NOTES
[1] At the time of the crash, all four children were under 21 years of age, and thus "minor children" under section 768.18(2), Florida Statutes (1977). The statute has since been amended and defines "minor children" for purposes of the statute as those under 25 years of age.
[2] The action was brought under the 1953 wrongful death statute, which permitted suit by the surviving children. The current statute requires the personal representative of the decedent to bring the action, "who shall recover for the benefit of the decedent's survivors." § 768.20, Fla. Stat. (1981). Each beneficiary must be specifically identified in the complaint, § 768.21, Fla. Stat. (1981).
[3] Two of the children of Carole Tubbs were not related to Eugene Tubbs by blood or adoption. We have not overlooked the argument that the doctrine of family immunity does not apply to their right to recover against Eugene's estate, but in the light of our holding here, we need not address that question.