435 So.2d 792 (1983)
James R. DRESSLER, As Personal Representative of the Estate of F. Eugene Tubbs, Deceased, and Compass Insurance Company, a Foreign Corporation, Petitioners,
v.
Crystal A. TUBBS, As Personal Representative of the Estate of Carole A. Tubbs, Deceased, Respondent.
No. 62805.
Supreme Court of Florida.
July 14, 1983.
Ernest H. Eubanks and Jeffrey G. Slater of Pitts, Eubanks & Ross, Orlando, for petitioners.
Andrew A. Graham of Reinman, Harrell, Silberhorn, Boyd & Graham, Melbourne, and Joan H. Bickerstaff, Melbourne, for respondent.
Jane Kreusler-Walsh and Larry Klein, West Palm Beach, for The Academy of Florida Trial Lawyers, amicus curiae.
EHRLICH, Justice.
This case is before us pursuant to jurisdiction granted in article V, section 3(b)(3) of the Florida Constitution as posing a question certified as of great public importance by the Fifth District Court of Appeal. Tubbs v. Dressler, 419 So.2d 1151 (Fla. 5th DCA 1982). Because we approve the result of the lower court on other grounds, we do not reach the certified question and thus do not answer it.
On July 4, 1978, F. Eugene Tubbs and his wife Carole A. Tubbs were killed in the crash of a private airplane being piloted by Mr. Tubbs. Carole was survived by four children, Crystal A. Tubbs, Kelly Marie Tubbs, Michael E. Tubbs and Patrick A. Tubbs. The latter two were also children of Mr. Tubbs, but the former two were children of Mrs. Tubbs's previous marriage and not related to Mr. Tubbs by either blood or adoption.
On November 18, 1980, Crystal A. Tubbs, as personal representative of the estate of Carole A. Tubbs, filed an amended complaint against James R. Dressler, as personal representative of the estate of F. Eugene Tubbs, and Compass Insurance Company, Mr. Tubbs's liability insurer. The action was brought under the 1972 wrongful death statute and sought recovery of damages sustained by the estate and heirs of Carole A. Tubbs, to the extent of coverage provided by an aircraft liability insurance policy issued by Compass.
The trial court granted petitioners' motion to dismiss with prejudice on the *793 grounds that the action was barred by doctrines of interspousal and interfamily tort immunity.
On appeal, the district court reversed the circuit court's holding and remanded the case to the trial court, at the same time certifying the following question as being of great public importance:
IS THE DOCTRINE OF INTERSPOUSAL IMMUNITY, LIKE THE DOCTRINE OF PARENTAL IMMUNITY, WAIVED TO THE EXTENT OF AVAILABLE LIABILITY INSURANCE, WHEN THE ACTION IS FOR A NEGLIGENT TORT CAUSING INJURY OR DEATH?
419 So.2d at 1154.
The cause before the trial court was an action for wrongful death brought by the personal representative of Carole Tubbs's estate. The relevant part of the Florida Wrongful Death Act, Section 768.19, Florida Statutes (1977), provided:
When the death of a person is caused by the wrongful act, negligence, default, or breach of contract or warranty of any person, including those occurring on navigable waters, and the event would have entitled the person injured to maintain an action and recover damages if death had not ensued, the person or watercraft that would have been liable in damages if death had not ensued shall be liable for damages as specified in this act notwithstanding the death of the person injured, although death was caused under circumstances constituting a felony.
Petitioners and the district court of appeal focused on the language "the event would have entitled the person injured to maintain an action and recover damages if death had not ensued" and grafted the doctrine of interspousal immunity onto the Wrongful Death Act, citing as authority Raisen v. Raisen, 379 So.2d 352 (Fla. 1979), cert. denied, 449 U.S. 886, 101 S.Ct. 240, 66 L.Ed.2d 111 (1980), and Horton v. Unigard Insurance Co., 355 So.2d 154 (Fla. 4th DCA 1978), cert. dismissed, 373 So.2d 459 (Fla. 1979).
In so doing, the district court declined to consider the significance of Shiver v. Sessions, 80 So.2d 905 (Fla. 1955). Because the facts of Shiver are analogous to those before us, it controls our decision here.
Shiver involved a wrongful death action brought on behalf of minor children whose stepfather murdered their mother, then committed suicide. In determining that the doctrine of interspousal immunity did not bar the action, this Court reasoned:
We think that the previous decisions of this court respecting the force and effect of the common-law rule of marital immunity in other situations, as well as our previous interpretations of our Wrongful Death Act, lead inevitably to the conclusion that the rule of marital immunity has no application in this case and will not bar the suit.
Thus, it is settled law in this jurisdiction that the wife's disability to sue her husband for his tort is personal to her, and does not inhere in the tort itself... . It is also well settled that our Wrongful Death Act creates in the named beneficiaries "an entirely new cause of action, in an entirely new right, for the recovery of damages suffered by them, not the decedent, as a consequence of the wrongful invasion of their legal right by the tortfeasor." This right is "separate, distinct and independent" from that which might have been sued upon by the injured person, had he or she lived.
Id. at 907 (citations omitted) (emphasis in original).
Petitioner advances the argument that Shiver is no longer applicable because the Wrongful Death Act has been amended since Shiver was decided, and Shiver was in effect overruled by Raisen. The changes between the Wrongful Death Act as it existed in 1955[1] and as it existed in 1977 in no *794 way affect the applicability of Shiver. Section 768.02, Florida Statutes (1953), provided that "[e]very such action shall be brought by and in the name of the widow or husband, as the case may be, and where there is neither widow nor husband surviving the deceased, then the minor child or children may maintain an action." The corresponding provision in 1977 provided that "[t]he action shall be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate." § 768.20, Fla. Stat. (1977). Regardless of whether the surviving minor children's interests are represented by a "next friend" as would be required under the 1953 statute or by the decedent's personal representative, the nature of the action is unchanged and the doctrine of interspousal immunity does not arise.
Nor can Raisen be fairly read to overrule Shiver. Petitioner points to the concluding paragraph of this Court's opinion in Raisen stating "that the common law doctrine of interspousal tort immunity is still viable in Florida and that it precludes a tort action between husband and wife in all cases." 379 So.2d at 355. Raisen dealt with a tort and a suit arising therefrom occurring during a marriage. Both spouses were living and were parties to the suit. Raisen was decided on the grounds that allowing such a suit would be disruptive of marital unity and harmony. Obviously, Raisen cannot be applied to the factual situation here. Husband and wife are dead. There is no suit between spouses, just as there is no longer any marital unit to preserve.
Nor does our holding in this case run counter to the decision in Roberts v. Roberts, 414 So.2d 190 (Fla. 1982). Roberts involved a wife suing her husband's estate for damages arising from an intentional tort he had committed upon her during the marriage. This is clearly not a wrongful death action and the person bringing the suit is the very person in whom the disability to sue is inherent.
Finding no reason to disregard Shiver, we follow it in the case at bar. This action for wrongful death is not barred by the doctrine of interspousal immunity. Horton v. Unigard Insurance Co. is disapproved only insofar as it holds that a wrongful death action on behalf of the wife's estate would be barred by interspousal immunity. The result of the Fifth District Court of Appeal is approved and this cause is remanded to the trial court for further proceedings not inconsistent with this opinion.
It is so ordered.
ADKINS, BOYD, McDONALD and SHAW, JJ., concur.
OVERTON, J., concurs in result only.
ALDERMAN, C.J., dissents with an opinion.
ALDERMAN, Chief Justice, dissenting.
Raisen v. Raisen, 379 So.2d 352 (Fla. 1979), cert. denied, 449 U.S. 886, 101 S.Ct. 240, 66 L.Ed.2d 111 (1980), holds that the common law doctrine of interspousal tort immunity is viable in Florida and that "it precludes a tort action between husband and wife in all cases." 379 So.2d at 355 (emphasis supplied). Raisen effectually overruled Shiver v. Sessions, 80 So.2d 905 (Fla. 1955).
Contrary to the majority's view, the proper focus of Florida's wrongful death act is the language "the event would have entitled the person injured to maintain an action and recover damages if death had not ensued." § 768.19, Fla. Stat. (1979). Because of the doctrine of interspousal immunity, the deceased wife would not have been able to maintain an action and recover damages from her husband had she lived, and, in view of this particular language of the wrongful death act, the trial court correctly dismissed the action seeking damages for the wife's estate.
*795 The Fifth District Court in the present case recognized that Raisen v. Raisen and the language of section 768.19 would compel this result. It determined, however, that, in light of this Court's later decision in Ard v. Ard, 414 So.2d 1066 (Fla. 1982), this Court had changed its thinking and modified the doctrine of interspousal immunity. This was an incorrect assumption. This Court's holding in Ard v. Ard is limited to a modification of parental immunity and in no way affected the doctrine of interspousal immunity and our holding in Raisen v. Raisen. In Ard, while reaffirming its adherence to the doctrine of parental immunity, this Court specifically held:
[I]n a tort action for negligence arising from an accident and brought by an unemancipated minor child against a parent, the doctrine of parental immunity is waived to the extent of the parent's available liability insurance coverage. If the parent is without liability insurance, or if the policy contains an exclusion clause for household or family members, then parental immunity is not waived and the child cannot sue the parent.
414 So.2d at 1067. The principle we announced in Ard was expressly limited to the doctrine of parental immunity.
The Fifth District erroneously concluded that there was no reason or public policy to conclude that the same principles applying to parental immunity do not apply to interspousal immunity. In Joseph v. Quest, 414 So.2d 1063 (Fla. 1982), this Court pointed out several valid and important distinctions between parental immunity and interspousal immunity and specifically stated:
However, we recognize a legal difference between the husband and wife relationship and that of parent-child. In the former, both are adults capable of bringing suit independently and with full knowledge of the financial relationship. Prior to the institution of any suit either or both spouses can examine the relative strength of their financial positions, including insurance coverage and other assets. They can also evaluate the likelihood of success in the litigation process. With all this they can decide together or as individuals whether or not to bring suit with the possibility of contribution by the other spouse.
The situation is completely different for a minor child... . Minors and infants must bring suits through a representative, next friend, or guardian ad litem. Fla.R.Civ.P. 1.210(b). See Youngblood v. Taylor, 89 So.2d 503 (Fla. 1956). Logically, an infant injured through the combined negligence of a parent and a third party would in most cases bring suit through his parents. If the parents feared possible liability through contribution then it would be their decision and not the child's to withhold suit.
414 So.2d at 1064.
Raisen v. Raisen continues to be controlling precedent on the question of interspousal immunity. In Raisen, this Court concluded that the doctrine should not be abrogated in any way since there are valid policy reasons justifying its retention. We said:
Adversary tort lawsuits between spouses have an upsetting and embittering effect upon domestic tranquility and the marital relationship. But non-adversary lawsuits that do not disturb the peace and harmony of the marriage encourage fraudulent and collusive claims, particularly where a third-party insurance company must pay any judgment awarded. Florida's solution to this dilemma since 1829 has been interspousal tort immunity. This is still a viable solution. There have been many changes in Florida since 1829, but the policy reasons justifying interspousal tort immunity still exist.
379 So.2d at 355. In Hill v. Hill, 415 So.2d 20 (Fla. 1982), we again refused to abrogate or modify the doctrine of interspousal immunity.
I would therefore answer the certified question in the negative and hold that the doctrine of interspousal immunity is not waived to the extent of available liability insurance.
NOTES
[1] Section 768.01, Fla. Stat. (1953), the counter-part to § 768.19, Fla. Stat. (1977), provided:

Whenever the death of any person in this state shall be caused by the wrongful act, negligence, carelessness or default of any individual or individuals ... and the act, negligence, carelessness or default, is such as would, if the death had not ensued, have entitled the party injured thereby to maintain an action ... and to recover damages in respect thereof, then and in every such case the person or persons who ... would have been liable in damages if death had not ensued shall be liable to an action for damages ..., notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to a felony.