ZEHMER, Judge.
This appeal questions the propriety of dismissing with prejudice an amended complaint against a teacher and a principal employed in the Duval County School System and against the teacher’s liability insurer.[1] The amended complaint charged *262 these defendants with negligent conduct in the course and scope of their employment that resulted in injuries to a student in their charge.
Two points are raised by appellants. The first is whether Section 768.28(9)(a), Florida Statutes (1980 Supp.), which grants immunity to employees of the state and its subdivisions, is unconstitutional.[2] The second point is whether the teacher has waived such statutory immunity by purchasing and maintaining liability insurance covering the negligent acts alleged. We affirm.
The complaint alleged the following essential facts: Melanese Wilson, seven years of age, was a student in the class taught by Victoria Dethloff, an employee of the Duval County School Board; Donna Sutton was principal of the school; and Johnathan Wade was a fellow student. On October 14, 1980, while Melanese was standing at the teacher’s desk, Johnathan picked up a pair of the teacher’s sharp-pointed scissors and struck Melanese in the eye. Melanese was sent to the principal’s office, where she was examined and then sent back to the classroom without receiving any medical treatment. The complaint alleged several theories of liability in separate counts: The injuries were the direct and proximate result of the teacher’s negligence in failing to reasonably supervise and control her students by not keeping her sharp-pointed scissors out of reach of her young students when she knew, or should have known, that such students would not be able to handle the scissors safely and would likely cause injury to themselves or other students; both the teacher and the principal were negligent in failing to give the child’s parents prompt notice of the injury and in failing to promptly provide adequate medical attention, the lack of which resulted in aggravation of the injury; and the teacher’s negligent acts were covered by the teacher’s liability insurance with Atlanta International Insurance Company that inured to the benefit of plaintiffs.
The trial court dismissed the amended complaint with prejudice because it failed to allege that the teacher and principal had acted “in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property,” as required by Section 768.-28(9)(a).
At the outset, we note that the record on appeal is completely devoid of any pleading, motion, memorandum of law, or transcript of hearing from the court below showing that the two points urged on appeal were actually raised in the trial court. The order under review does not indicate that any constitutional or waiver question was presented and decided below. We have only the assurance of the attorneys for the parties given at oral argument that these two points were, in fact, argued before the trial court and ruled on by implication in the order of dismissal. Ordinarily, this de *263 ficiency in the record would require us to decline consideration of the points urged. In the interest of avoiding further judicial labor to cure this technical deficiency by remanding before final disposition on the merits, we have accepted the joint statements of counsel as sufficient to present these points on appeal. We caution counsel, however, to be mindful of the necessity to raise and preserve on the record in the trial court all issues intended to be presented on appeal.
I
In support of their first major point, appellants argue that Section 768.28(9)(a) is unconstitutional because:
A. It deprives them of their right of access to the courts for redress of injury in violation of Article I, Section 21, of the Florida Constitution, citing Kluger v. White, 281 So.2d 1 (Fla.1973);
B. It violates Article V, Section 2, of the Florida Constitution, which grants procedural rule-making power to the Florida Supreme Court, by requiring that a state agency shall “not be named a party defendant”; and
C. It violates Article II, Section 3, of the Florida Constitution, which provides for the separation of powers among the three branches of government, “in that it represents an improper legislative encroachment into the province of the court by attempting to limit the amount of compensation available to injured plaintiffs in legal actions.”
A.
Prior to oral argument, appellants withdrew Point 1(A), acknowledging that this question had been effectively answered by the Supreme Court in Iglesia v. Floran, 394 So.2d 994 (Fla.1981). Cf., Jetton v. Jacksonville Electric Authority, 399 So.2d 396 (Fla. 1st DCA 1981). Accordingly, we need not discuss this point and commend counsel for their candor and assistance to the court.
B.
In support of Point 1(B), based on violation of the judicial article, appellants state that the Supreme Court, in Rule 1.210(a), Florida Rules of Civil Procedure, has promulgated liberal principles for the joinder of parties defendant in that “any person may be made a defendant who has or claims to have an adverse interest to the plaintiff.” Appellants argue that the legislature’s attempt to limit or alter the provisions of that rule by prohibiting a state employee from being joined as a party defendant amounts to an unconstitutional encroachment upon the Supreme Court’s power to promulgate rules governing practice and procedure in the courts of this state, relying on Shingleton v. Bussey, 223 So.2d 713 (Fla.1969)[3] and Markert v. Johnston, 367 So.2d 1003 (Fla. 1978).[4]
We do not agree. Both Shingleton and Markert involved statutory attempts to regulate procedural aspects respecting when, not whether, joinder of liability insurers is proper. Unlike the statute and policy provision under scrutiny in those cases, Section 768.28(9)(a) regulates the substantive rights of the parties. Rupp v. Bryant, 417 So.2d 658 (Fla.1982). Under the statutory scheme, the substantive liability of the school board and its employees is mutually exclusive.[5] Appellants have no cause of action against the teacher and principal for simple negligence; that right of action is exclusively against the school *264 board, which the court below properly recognized and sustained. On the other hand, the teacher or principal may be held liable for their own “acts or omissions ... committed while acting outside the course and scope of [their] employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property”; but the school board cannot. Thus, the question in this case is not at what stage of the proceedings appellees can be joined as parties defendant, but whether they can be joined at all. For this reason, the statute as applied in this case does not unconstitutionally infringe upon the court’s Article Y power.[6]
C.
Appellants’ argument as stated in Point 1(C) of their brief is that prior to the 1980 amendment an injured individual had the option of jointly suing a governmental entity with its employees whose negligence caused the injury and thereby receiving full (or unlimited) compensation by collection of any resulting judgment in excess of the statutory limit from the employees. Now, however, Chapter 768 as amended limits the injured plaintiff’s compensation for negligence to the statutory ceiling applicable to the governmental entity. Relying on a single case, State Plant Board v. Smith, 110 So.2d 401 (Fla.1959), appellants state that “the determination of what is just compensation is a judicial function that cannot be performed by the legislature,” and from that proposition appellants reason that the 1980 amendment to Section 768.28(9) constitutes an improper legislative encroachment into the province of the court by limiting the amount of compensation available to injured plaintiffs. This, appellants conclude, violates Article II, Section 3, Florida Constitution, which requires separation of powers. (Appellants stated in oral argument that they are not attacking the validity of the dollar limitation imposed in suits against the state by Chapter 768.)
We likewise find no merit in this argument. State Plant Board involved a statutory dollar limitation on the compensation to be paid by the state for the value of citrus trees taken in the exercise of the state’s police power. “Just compensation” for such taking was held to be required by Section 29 of Article 16 of the Florida Constitution.[7] That decision did not involve any questions of the liability of governmental employees or governmental immunity, and it is manifestly inapplicable to the question presented here. Since the legislature has the power to raise the degree of conduct necessary for personal liability of governmental employees and since such employees are liable without limitation for willful or wanton misconduct,[8] the legislature has not, by amending Section 768.-28(9)(a), placed any unconstitutional limitation on the amount that may be recovered by plaintiffs.
II
In support of their second major point, appellants argue that the teacher, Victoria Dethloff, must be held to have waived the statutory immunity afforded by Section 768.28(9)(a), Florida Statutes (1980 Supp.), to the extent that she maintained personal liability insurance that covered her alleged acts of negligence. This argument is not based on common law concepts of waiver, nor does the amended complaint contain any allegations that even suggest the elements of common law waiver. The argument, rather, is predicated entirely on analogy to the public policy considerations underlying the court decisions holding that the *265 doctrines of parental immunity and inter-spousal immunity are waived as a matter of law to the extent of available liability insurance coverage. Ard v. Ard, 414 So.2d 1066 (Fla.1982). See also, Tubbs v. Dressier, 419 So.2d 1151 (Fla. 5th DCA 1982), pet. for rev. approved, 435 So.2d 792 (Fla. 1983).
We do not believe that the specific policy considerations relied upon in those cases are applicable or persuasive with respect to waiver of the statutory immunity provisions involved in this case. Both parental immunity and interspousal immunity are common law doctrines originating in court decisions and are not the subject of express legislative enactments. Those doctrines, obviously, may be changed in scope at any time by the court based on new policy considerations acceptable to it. Furthermore, the policy considerations found to mandate limited waiver of immunity in Ard and Tubbs do not reach constitutional proportions and are not sufficiently compelling to warrant overriding the clear legislative purpose of insulating state employees from liability for simple negligence occurring within the course and scope of their employment. Statutory immunity for state employees is a matter clearly within the power of the legislature. Article X, Section 13, Florida Constitution. E.g., Cauley v. City of Jacksonville, 403 So.2d 379 (Fla.1981); Donisi v. Trout, 415 So.2d 730 (Fla. 4th DCA 1982). Waiver of such statutory immunity to the extent of available liability insurance coverage is solely within the power of the legislature to grant or deny.
AFFIRMED.
LARRY G. SMITH and BOOTH, JJ., concur.

. Appellants’ inclusion of the Duval County School Board and Johnathan Wade in the style *262 of the case is erroneous since neither is a party to this appeal.

. Section 768.28(9), as amended by Section 1, Chapter 80-271, Laws of Florida, effective July 1, 1980, provides in part:
No officer, employee, or agent of the state or its subdivisions shall be held personally liable in tort or named as a party defendant in any action for-a-final-jadgment whiGh- has been rendered against-him for any injuries or damages suffered as a result of any act, event, or omission of action in the scope of his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. The exclusive remedy for injury or damages suffered as a result of any act, event or omission of any officer, employee, or agent of the state, or its subdivisions or constitutional officers, shall be by action against the governmental entity, or the head of such entity in his official capacity, or constitutional officer of which the officer, employee or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

. Shingleton v. Bussey decided that a liability insurer may be joined as party defendant at the outset of an action against its insured, notwithstanding a policy provision to the contrary. In so doing, the court treated the matter as procedural and as governed by Rule 1.210(a), Fla.R. Civ.P.

. Markert v. Johnston held that the joinder of an automobile liability insurer is procedural, not substantive, and that the legislature’s attempt to regulate such joinder by-enactment of Section 627.7262, Florida Statutes (1977), was an unconstitutional invasion of the court’s Article V power to regulate procedure.

. Rupp v. Bryant, 417 So.2d 658, 670-71 (Fla. 1982) (Overton, J., concurring).

.Since appellees declined to allege bad faith, malicious purpose, or wanton and willful disregard of rights as alternative theories to simple negligence, we are not asked to consider whether the statutory prohibition on joinder may be constitutionally applied if such alternative allegations are joined in the same complaint.

. Now Section 6, Article X, Fla. Const. (1968).

. Iglesia v. Floran, 394 So.2d 994 (Fla.1981); Jetton v. Jacksonville Electric Authority, 399 So.2d 396 (Fla. 1st DCA 1981).