447 So.2d 1019 (1984)
Sharyn ZIMMERMAN, Appellant,
v.
Jeffrey ZIMMERMAN and Nationwide Mutual Insurance Company, Appellees.
No. 83-2122.
District Court of Appeal of Florida, Third District.
April 3, 1984.
Tobin, Bayer & Jacobson and Theodore Bayer, Miami, for appellant.
Richard M. Gale, Weinstein & Bavly, Miami, for appellees.
Before SCHWARTZ, C.J., and HENDRY and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
In accordance with Raisen v. Raisen, 379 So.2d 352 (Fla. 1979), cert. denied, 449 U.S. 886, 101 S.Ct. 240, 66 L.Ed.2d 111 (1980), which we think remains viable, see Burgess v. Burgess, 447 So.2d 220 (Fla. 1984); Hill v. Hill, 415 So.2d 20 (Fla. 1982), and which is therefore binding, Hoffman v. Jones, 280 So.2d 431 (Fla. 1973), we hold, affirming the trial court, that interspousal immunity bars the maintenance of an automobile negligence case notwithstanding that the defendant spouse is covered by liability insurance.
Although we thus do not follow the contrary language in Tubbs v. Dressler, 419 So.2d 1151 (Fla. 5th DCA 1982), affirmed on other grounds, 435 So.2d 792 (Fla. 1983), we do agree that the issue is appropriate for reconsideration by the Supreme Court in the light of Ard v. Ard, 414 So.2d 1066 (Fla. 1982), in which the court held that parental immunity was inapplicable when insurance was available. Consequently, as in Tubbs, we certify to the Supreme Court of Florida that this decision passes upon the following question of great public importance:
Is the doctrine of interspousal immunity, like the doctrine of parental immunity, waived to the extent of available liability insurance, when the action is for a negligent tort?
Affirmed, question certified.