456 So.2d 507 (1984)
Felix V. PENNINGTON, Westfield Insurance Company and Beatrice N. Dye, Appellants,
v.
Arlie DYE and Grange Mutual Casualty Company, Appellees.
No. 83-2212.
District Court of Appeal of Florida, Second District.
September 5, 1984.
William E. Partridge of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, P.A., Sarasota, for appellants Pennington and Westfield.
W. Robert Mann of W. Robert Mann, Chartered, Bradenton, for appellant Dye.
Richard E. Wolverton of Lyle & Skipper, P.A., St. Petersburg, for appellees.
GRIMES, Judge.
In this appeal we are required to make conflict of laws determinations with respect to the issues of interspousal immunity and contribution among joint tort-feasors.
On December 17, 1981, automobiles driven by Arlie Dye and Felix Pennington were involved in an accident in Manatee County. Beatrice Dye, who was a passenger in her husband's vehicle, was injured in the accident. The Dyes were returning to Ohio at the time of the accident from their trailer which remains in Florida throughout the year for vacations. Mr. and Mrs. Dye were married in Ohio and are permanent residents of the state. Pennington is also a permanent resident of Ohio. He, too, was returning home from vacation when the accident occurred. Both drivers carried liability insurance policies which had been *508 issued in Ohio by companies authorized to do business in Ohio.
Mrs. Dye filed a negligence action against Pennington and his insurer, Westfield Insurance Company, and her husband and his insurer, Grange Mutual Casualty Company. Pennington and Westfield filed a cross-claim against Arlie Dye and Grange Mutual for contribution among joint tort-feasors under section 768.31, Florida Statutes (1981), alleging that Arlie was negligent in causing or contributing to the accident. Arlie Dye and Grange Mutual filed affirmative defenses to the complaint and the cross-claim, alleging that both were barred by the doctrine of interspousal immunity as applied under the laws of the State of Ohio.
The trial court determined that Ohio had a more significant relationship to the parties and the accident than Florida and ruled that Ohio law governed both interspousal immunity and contribution. The court entered judgment on the pleadings for Arlie Dye and Grange Mutual on both the complaint of Beatrice Dye and the cross-claim of Pennington and Westfield.
On appeal Beatrice Dye posits that interspousal immunity is waived in Florida to the extent of available insurance coverage[1] and that Florida law should apply because the accident occurred in this state. In also urging the application of Florida law, Pennington and Grange point out that interspousal immunity is not a defense to contribution in Florida. There is no dispute that Ohio upholds the doctrine of interspousal immunity, Bonkowsky v. Bonkowsky, 69 Ohio St.2d 152, 431 N.E.2d 998 (1982), and that Ohio does not permit contribution by third parties against the spouse of an injured plaintiff. Moler v. Quality Chevrolet, Inc., 2 Ohio App.3d 120, 440 N.E.2d 1228 (1981).
In years past, the rule of lex loci delicti, or law of the place of the wrong, was invariably applied to issues arising out of tort actions. Recently, in response to frequent criticism of the inflexibility of the rule, a number of courts have modified their approach by employing an analysis of the significant contacts of the parties and circumstances with each state. Case Comment, Conflict of Laws  Torts: Significant Relationships v. Lex Loci Delicti  Florida Enters The Modern World, 33 U.Fla.L.Rev. 436 (1981). In Bishop v. Florida Specialty Paint Co., 389 So.2d 999 (Fla. 1980), our supreme court receded from the strict application of lex loci delicti in a suit arising from a plane crash which occurred in South Carolina. The pilot and all of the passengers were Florida residents who were flying to North Carolina for the weekend. The corporate lessee of the airplane who was joined as a defendant was also a Florida company. The question of whether Florida or South Carolina law controlled was important because of differing standards for recovery by guest passengers in the two states. The supreme court adopted the "significant relationships test" as set forth in the Restatement (Second) of Conflict of Laws §§ 145-146 (1971), which reads:
§ 145. The General Principle
(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
(2) Contacts to be taken into account in applying the principles of § 6 to *509 determine the law applicable to an issue include:
(a) the place where the injury occurred,
(b) the place where the conduct causing the injury occurred,
(c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
(d) the place where the relationship, if any, between the parties is centered. These contacts are to be evaluated according to their relative importance with respect to the particular issue.
§ 146. Personal Injuries
In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.
The supreme court reaffirmed Florida's adoption of the significant relationships test in State Farm Mutual Automobile Insurance Co. v. Olsen, 406 So.2d 1109 (Fla. 1981). There, the court applied Illinois' law of contributory negligence to determine an uninsured motorist claim arising out of an accident which occurred in Illinois between an uninsured Illinois motorist and a Florida resident who had obtained uninsured motorist coverage in Florida. See also Harris v. Berkowitz, 433 So.2d 613 (Fla. 3d DCA 1983) (measure of damages in wrongful death action determined by Florida rather than Maine law even though the automobile accident occurred in Maine because all the parties involved were Florida residents, the automobile had Florida license tags and was insured in Florida, and the parties were simply spending the summer in Maine); Proprietors Insurance Co. v. Valsecchi, 435 So.2d 290 (Fla. 3d DCA 1983) (question of damages arising out of an airplane crash in North Carolina determined by Florida law because the occupants were temporary Florida residents while attending college, the plane had been rented in Florida from Florida residents who were also defendants, and the flight to New York for Thanksgiving was intended to begin and end in Florida); Krasnosky v. Meredith, 447 So.2d 232 (Fla. 1st DCA 1983) (applied Florida law to determine the standard of care owed to guest passenger injured in a Georgia automobile accident where both parties were Florida residents, the liability policy had been issued in Florida by a company licensed to do business in Florida, and the accident occurred upon a return trip to Florida).
Since Florida now follows the significant relationships test as set forth in the Restatement (Second) of Conflict of Laws (1971), it is appropriate to look to that authority in making a choice of law decision involving the issue of interspousal immunity. Section 169 provides:
§ 169. Intra-Family Immunity
(1) The law selected by application of the rule of § 145 determines whether one member of a family is immune from tort liability to another member of the family.
(2) The applicable law will usually be the local law of the state of the parties' domicil.
Comment:
... .
b. Rationale. An immunity from tort liability is commonly possessed in varying circumstances by one spouse against the other spouse and by a parent against a minor child. Reasons frequently advanced to explain the existence of such immunity are the common law doctrine of the legal identity of the spouses, the desire to foster and preserve marital harmony and parental discipline, and the desire to protect insurance companies from false claims. Whatever the true explanation, the state of the parties' domicil will almost always be the state of dominant interest, and, if so, its local law should be applied to determine whether there is immunity in the particular case. One possible situation where the state of *510 the parties' domicil would not be that of dominant interest is where the parties' relationship to the state of their domicil is considerably less close than is their relationship to some other state.
Under this principle, Ohio clearly has the most significant relationship to the accident and the parties in this case. Fortuitously, all of the parties reside in Ohio and both insurance policies were issued in Ohio. One of the main reasons for the doctrine of interspousal immunity is to preserve marital harmony. The relationship between Mr. and Mrs. Dye, as husband and wife, continues to exist in Ohio. Therefore, the court properly applied Ohio law to bar Beatrice Dye's claim against her husband. Other courts have reached the same result on essentially similar facts. Schneider v. Schneider, 110 N.H. 70, 260 A.2d 97 (1969); Kjeldsen v. Ballard, 52 Misc.2d 952, 277 N.Y.S.2d 324 (Sup.Ct. 1967); McSwain v. McSwain, 420 Pa. 86, 215 A.2d 677 (1966).
The question of choosing the appropriate law to determine the validity of the cross-claim is somewhat closer because it involves primarily an issue of contribution among joint tort-feasors. Indeed, it has been reasoned that the doctrine of interspousal immunity should not be applied to defeat a claim for contribution because it would do nothing to preserve the family unit. Paoli v. Shor, 345 So.2d 789 (Fla. 4th DCA 1977). In Shor v. Paoli, 353 So.2d 825 (Fla. 1977), our supreme court held that interspousal immunity did not prevent one tort-feasor from seeking contribution from another tort-feasor when the second tort-feasor was the spouse of the injured person who received damages from the first tort-feasor. The court later reiterated this holding in Florida Farm Bureau Insurance Co. v. Government Employees Insurance Co., 387 So.2d 932 (Fla. 1980), and pointed out that the existence of insurance coverage was immaterial to the disposition of the question. Therefore, even if Beatrice Dye's complaint against her husband is barred by interspousal immunity, Pennington and Westfield's cross-claim for contribution against Arlie Dye is viable under Florida law.
A growing number of courts have held that the issue of contribution should be decided by the law of the state where all of the parties reside rather than by the law of the state where the accident occurred. E.g., Zurzola v. General Motors Corp., 503 F.2d 403 (3d Cir.1974); Schulhof v. Northeast Cellulose, Inc., 545 F. Supp. 1200 (D.Mass. 1982); Caterpillar Tractor Co. v. Teledyne Industries, Inc., 53 Cal. App.3d 693, 126 Cal. Rptr. 455 (1975); Chandler v. Northwest Engineering Co., 111 Misc.2d 433, 444 N.Y.S.2d 398 (Sup.Ct. 1981). On the choice of law determination of the issue of contribution, Restatement (Second) of Conflict of Laws § 173 (1971) provides:
§ 173. Contribution and Indemnity Among Tortfeasors
The law selected by application of the rule of § 145 determines whether one tortfeasor has a right to contribution or indemnity against another tort-feasor.
Comment:
... .
The determination of the state of the applicable law should be made in the light of the choice-of-law principles stated in § 6. Most cases to date have held that the question of contribution between joint tortfeasors is determined by the local law of the state of conduct and injury. It may be questioned whether such decisions will invariably be followed in the future in view of the growing realization that all issues in tort need not be governed by the same law. The state where conduct and injury occurred will not by reason of these contacts alone be the state that is primarily concerned with the question whether one tortfeasor may obtain contribution against another. The local law of this state will, however, be applied unless some other state has a greater interest in the determination of the particular issue. If both tortfeasors are domiciled in the same state, and particularly, if in addition there is a special relationship between them which is centered *511 in that state, it would seem that, usually at least, this state would have the greatest interest in the issue of contribution and that its local law should be applied.
The only connection which Florida has with the instant case is the situs of the accident. Whether or not contribution will be ordered is a matter which will affect only parties who are residents of Ohio and their Ohio insurers. While the facts of this case do not indicate a "special relationship" between the tort-feasors as referred to in section 173 above, we believe that Ohio rather than Florida has a greater interest in the determination of whether a right of contribution exists. Since Ohio declines to permit contribution between spouses, the court properly dismissed the cross-claim filed by Pennington and Westfield against Arlie Dye and Grange Mutual.
AFFIRMED.
HOBSON, A.C.J., and DANAHY, J., concur.
NOTES
[1] For this proposition, Mrs. Dye relies upon Tubbs v. Dressler, 419 So.2d 1151 (Fla. 5th DCA 1982), a wrongful death action in which the court held that Florida no longer recognized interspousal immunity to the extent of available liability insurance. However, the supreme court approved only the result of that decision by limiting its scope to actions brought under the Wrongful Death Act, irrespective of insurance. Dressler v. Tubbs, 435 So.2d 792 (Fla. 1983). In view of the supreme court's reaffirmance of the doctrine in Hill v. Hill, 415 So.2d 20 (Fla. 1982), it is by no means clear that interspousal immunity has been abrogated in Florida. See Zimmerman v. Nationwide Mutual Insurance Co., 447 So.2d 1019 (Fla. 3d DCA 1984). In any event, in light of the decision we reach in the instant case, the current status of interspousal immunity in Florida is irrelevant.