STONE, Judge.
We affirm an order dismissing a negligence action against a doctor employed by the county. The appellant contends that section 768.28(9)(a), Florida Statutes (waiver of sovereign immunity in tort actions), is not a bar to a claim against a government employee, otherwise granted immunity from personal liability under the act, where he is covered by privately purchased liability insurance. The appellant argues that the doctor waived his statutory immunity by purchasing liability insurance.
Section 286.28, Florida Statutes, which was repealed in 1987, authorized the purchase of liability insurance by designated political subdivisions of the state and waived the sovereign immunity of the government entity to the extent of such coverage. Appellant asserts that the waiver of immunity authorized by that section applies to the immunity of employees who privately purchased insurance, as well as to the immunity of political subdivisions. Appellant, further, argues that the repeal of section 286.28, which became effective after appellant’s injury but prior to suit, is unconstitutional, as the application of its effective revocation date to parties whose cause of action has accrued is a deprivation of due process. See Kaisner v. Kolb, 543 So.2d 732 (Fla.1989).
In the absence of a governing statute, the private purchase of liability insurance by an employee of a political subdivision of the state is not a waiver of the employee’s statutory immunity from tort claims. Martin v. Broward Gen. Med. Center, 332 So.2d 84 (Fla. 4th DCA 1976); Wilson v. Duval County Sch. Bd., 436 So.2d 261 (Fla. 1st DCA 1983).
Here, the trial court correctly recognized that section 286.28 explicitly refers solely to the purchase of insurance by one of the specified government entities. No provision exists in the statute that can be interpreted as applicable to the purchase of insurance by an employee or as waiving the employee immunity afforded by section 768.28(9)(a). Appellant argues that a basis for the broad interpretation of the statute is found in Avallone v. Bd. of County Comm’r., 493 So.2d 1002 (Fla.1986). In Avallone, the supreme court recognized that the purchase of liability insurance by the political subdivision, pursuant to section 286.28, effectively waives all sovereign immunity, including that not otherwise waived by section 768.28, to the extent of the coverage. See also Kaisner.
We deem that portion of Avallone relied upon by appellant to be inapposite. Aval-lone addressed the waiver of immunity created by the expenditure of public funds for a public purpose. No reason exists to apply that opinion to the private purchase of insurance where the statute does not purport to address such a circumstance. Therefore, the trial court did not err by treating section 286.28 as irrelevant.
Having found the statute inapplicable, we consider it inappropriate to address the due process issue. The final order of dis *1163 missal as to the defendant, Cesar Hernandez, is affirmed.
GUNTHER and POLEN, JJ., concur.