Mr. Ned N. Julian, Jr. Executive Director Legal Services Seminole County Public Schools 400 East Lake Mary Boulevard Sanford, Florida 32773-7127
Dear Mr. Julian:
You ask the following question:
Does section 234.02, Florida Statutes, prevent a school board from seeking reimbursement from an employee's or volunteer's private insurer when students are being transported by private automobile as allowed under that section?
In sum:
Section 234.02, Florida Statutes, makes the school board liable for claims arising from incidents where an employee or volunteer has been authorized by the board to transport students by private automobile and does not authorize the board to seek reimbursement from the individual's private insurer, if the individual acts within the scope of his or her employment or function.
Section 234.02(2), Florida Statutes, authorizes school boards to transport students in privately owned motor vehicles on a case-by-case basis and only under specific circumstances. Transportation by private vehicle may be used when a student is ill or injured and must be taken home or to a medical facility but the parent cannot be contacted or is not available to provide transportation. It is also authorized when such transportation is connected to a school function in which the district or the school is a participant or sponsor (such as a field trip or interscholastic competition), and school transportation is not available but the students' parents have given written consent.
Further, private transportation is allowed when a school board requires employees to use their own motor vehicles to perform their duties and such duties include the occasional transportation of students.[1]
When a school board approves the transportation of students in private vehicles, the provisions of section 234.03, Florida Statutes, regarding liability for tort claims apply.[2] Section 234.02(3), Florida Statutes, states:
"When approval is granted for the transportation of students in a privately owned vehicle, the provisions of s. 234.03 regarding liability for tort claims are applicable. School district employees who provide approved transportation in privately owned vehicles are acting within the scope of their employment. Parents, guardians, or other responsible adults who provide approved transportation in privately owned vehicles have the same exposure to, and protections from, risks of personal liability as do school district employees acting within the scope of their employment."
Thus, school district employees and private persons who provide approved transportation in private vehicles have the same exposure to and protection from risks of personal liability. Each school board, however, is authorized to establish policies restricting the use of private vehicles to more limited circumstances than prescribed in section 234.02(2), Florida Statutes, or prohibiting their use entirely. Such policies may "provide for more extensive requirements for approval, parental notification and consent procedures, insurance coverage, driver qualifications, or a combination of these."[3]
Section 234.03, Florida Statutes, addressing the tort liability of district school boards in transporting persons, provides:
"(1) Each district school board shall be liable for tort claimsarising out of any incident or occurrence involving a school busor other motor vehicle owned, maintained, operated, or used bysuch school board to transport persons, to the same extent and in the same manner as the state or any of its agencies or subdivisions is liable for tort claims under s. 768.28, except that the total liability to persons being transported for all claims or judgments of such persons arising out of the same incident or occurrence shall not exceed an amount equal to $5,000 multiplied by the rated seating capacity of the bus or other vehicle, as determined by rules of the Commissioner of Education, or $100,000, whichever is greater. The provisions of s. 768.28
apply to all claims or actions brought against school boards, as authorized in this subsection." (e.s.)
The Legislature, by enacting section 768.28, Florida Statutes, has waived the State's immunity from tort liability to the extent provided therein.[4] Section 768.28(1), Florida Statutes, waives sovereign immunity in tort actions against the state or its agencies or subdivisions to recover money damages for injury or loss of property, personal injury, or death caused by an employee of the agency or subdivision. Such injury or damage must have been sustained while the employee was acting within the scope of his or her office or employment and under circumstances in which the state would be liable if it were a private person. As used in the statute, "state agencies or subdivisions" include
"the executive departments, the Legislature, the judicial branch (including public defenders), and the independent establishments of the state; counties and municipalities; and corporations primarily acting as instrumentalities or agencies of the state, counties, or municipalities, including the Spaceport Florida Authority."[5]
Limited immunity from civil liability in tort actions for certain officers and employees of the state or its subdivisions is provided by section 768.28(9)(a), Florida Statutes, as follows:
"No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. However, such officer, employee, or agent shall be considered an adverse witness in a tort action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function. The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity, or the head of such entity in her or his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, unless such act or omission was committed in badfaith or with malicious purpose or in a manner exhibiting wantonand willful disregard of human rights, safety, or property. The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property."[6] (e.s.)
The plain language of the statute makes the provisions of section 234.03, Florida Statutes, applicable to school employees and private persons who provide approved transportation in privately owned vehicles. While there is a provision allowing school boards to establish policies regarding such transportation that may require, among other things, insurance coverage, there is nothing in the statute that makes the presence of such insurance consequential to the school board's liability under section 234.03, Florida Statutes.[7]
Accordingly, it is my opinion that section 234.02, Florida Statutes, does not authorize the school board to seek reimbursement from the private insurer of an employee or volunteer who has been authorized by the board to transport students by private motor vehicle.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, s. 234.02(2)(a)-(c), Fla. Stat.
[2] See, s. 234.02(3), Fla. Stat.
[3] Section 234.02(4), Fla. Stat.
[4] See, s. 768.28(1), Fla. Stat., stating that "[i]n accordance with s. 13, Art. X, of the State Constitution, the state, for itself and for its agencies or subdivisions, hereby waives sovereign immunity for liability for torts, but only to the extent specified in this act. . . ." See also, s. 768.28(5), Fla. Stat., establishing the monetary limitations of the state's waiver of sovereign immunity at $100,000 for a claim or judgment by one person or $200,000 for all claims or judgments arising out of the same incident or occurrence.
[5] Section 768.28(2), Fla. Stat.
[6] And see, Department of Health and Rehabilitative Services v.McDougall, 359 So.2d 528, 532 (Fla. 1st DCA 1978) (a state agency is liable for a wrongful act or omission of any employee of the agency while acting within the scope of his office or employment under circumstances in which the state or such agency, if a private person, would be liable to the claimant in accordance with the general laws of this state).
[7] See, Atwater v. Broward County, 556 So.2d 1161 (Fla. 4th DCA 1990), rev. den., 564 So.2d 486 (1990) (absent governing statute, private purchase of liability insurance by employee of a political subdivision of state is not a waiver of employee's statutory immunity from tort claims).