370 So.2d 1148 (1978)
Ruth RAISEN, Appellant,
v.
Philip RAISEN and Insurance Company of North America, Appellees.
No. 77-1058.
District Court of Appeal of Florida, Fourth District.
July 19, 1978.
Lawrence B. Friedman of Friedman & Robbins, North Miami Beach, for appellant.
Joseph S. Kashi of Druck, Grimmett, Scherer & James, Fort Lauderdale, Florida, for appellees.
DOWNEY, Chief Judge.
The individual parties to this appeal are husband and wife and the issue involved is the application vel non of the interspousal immunity doctrine.
The appellant wife sued appellee husband for damages arising out of his operation of an automobile in such a negligent fashion as to injure the wife. The trial court sustained a motion to dismiss the complaint on the grounds of interspousal immunity and a final judgment was entered for appellees.
Appellant contends the trial court erred in dismissing this cause because 1) the allegations of the complaint demonstrate that the interspousal immunity doctrine is not applicable to this case, and 2) application of the interspousal immunity doctrine in such a way as to prohibit appellant from maintaining this suit violates her constitutional rights of due process and equal protection.
The complaint alleged, among other things, that the parties have lived together as husband and wife for thirty-seven years and will continue to do so; the maintenance of this suit will not disrupt the peace and harmony of their home and marriage; the parties have not conspired to promote a fraudulent or collusive claim; the suit is not trivial but a result of severe injuries inflicted upon plaintiff; and the defendant insurance company is the real party in interest.
Appellant contends that on motion to dismiss the well pleaded allegations of her complaint must be taken as true. Thus, appellant argues that the traditional reasons giving rise to the concept of interspousal immunity are not existent in this case and that the complaint states a cause of action entitling appellant to relief. Appellant concludes by citing Prosser and numerous other authorities[1] which suggest the doctrine is an anachronism which has long outlived its time.
Be that as it may, we are constrained to follow respectable precedent which indicates the doctrine of interspousal immunity is still viable in Florida.[2] Any such change in the law as appellant urges is more properly the function of the Legislature or the *1149 Supreme Court. However, inasmuch as the question is a constantly recurring one and is one of great public interest, we certify the following question to the Supreme Court of Florida as one of great public interest:
Does the doctrine of interspousal immunity preclude a tort action between husband and wife in all cases or will such an action lie if it is alleged and proven that none of the traditional reasons supporting interspousal immunity are applicable?
The judgment for which this appeal is perfected is affirmed.
AFFIRMED, question certified.
MOORE, J., concurs.
DAUKSCH, J., concurs specially with opinion.
DAUKSCH, Judge, concurring specially:
I concur with the court's opinion as announced by Judge Downey and add my thought that it may be time our Supreme Court reconsider the entire interfamilial immunity doctrine in light of social development and change over the years since it was last considered.
NOTES
[1] Prosser, Law of Torts, § 122 (4th Ed. 1971); Bonner v. Williams, 370 F.2d 301 (5th Cir.1966); Klein v. Klein, 58 Cal.2d 692, 26 Cal. Rptr. 102, 376 P.2d 70 (1962).
[2] Bencomo v. Bencomo, 200 So.2d 171 (Fla. 1967); Horton v. Unigard Ins. Co., 355 So.2d 154 (Fla. 4th DCA 1978); Blanton v. Blanton, 354 So.2d 430 (Fla. 4th DCA 1978).