414 So.2d 190 (1982)
Willa Mae ROBERTS, Petitioner,
v.
Michael W. ROBERTS, Respondent.
No. 59240.
Supreme Court of Florida.
April 29, 1982.
*191 Gerald A. McGill of Wells, Brown & Brady, Pensacola, for petitioner.
Harry Lewis Michaels, Tallahassee, for respondent.
OVERTON, Judge.
Petitioner, Willa Mae Roberts, sued Michael W. Roberts as personal representative of her deceased husband's estate, alleging that during their marriage the decedent husband intentionally injured her. The trial court granted a summary judgment in favor of the estate on the basis of interspousal immunity. The First District Court of Appeal, in its decision reported at 382 So.2d 376, affirmed the summary judgment and certified pursuant to article V, section 3(b)(4), Florida Constitution, the following question as one of great public importance:
DOES THE DOCTRINE OF INTERSPOUSAL IMMUNITY BAR SUIT BY ONE FORMER SPOUSE AGAINST A DECEASED SPOUSE'S ESTATE WHEN AN INTENTIONAL TORT ALLEGEDLY WAS COMMITTED DURING THE MARRIAGE WHICH NOW HAS BEEN TERMINATED BY THE ALLEGED TORTFEASOR SPOUSE'S DEATH?
We refused to modify the interspousal immunity doctrine in Hill v. Hill, 415 So.2d 20 (Fla. 1982), to allow intentional interspousal tort claims because the doctrine is necessary to protect family unity and resources.
To allow a tort claim against the decedent spouse's estate would only add a unique factor to probate of an estate which would not be allowable if the decedent party were living. This could adversely affect dependent family beneficiaries, particularly minor children.
We reject modification of the interspousal immunity doctrine in this circumstance, answer the question in the affirmative, and approve the district court of appeal decision.
It is so ordered.
BOYD, OVERTON, ALDERMAN and McDONALD, JJ., concur.
SUNDBERG, C.J., and ADKINS, J., dissent.