475 So.2d 1211 (1985)
Harold SNOWTEN, Petitioner,
v.
UNITED STATES FIDELITY AND GUARANTY COMPANY and Willie Lee Snowten, Respondents.
No. 64171.
Supreme Court of Florida.
August 29, 1985.
Rehearing Denied October 23, 1985.
Anthony J. Salzman, Gainesville, for petitioner.
Lauchlin T. Waldoch of Dell, Graham, Willcox, Barber, Henderson, Monaco & Cates, and Toby S. Monaco of McGalliard, Mills, deMontmollin, Smith & Monaco, Gainesville, for respondents.
Jane Kreusler-Walsh and Larry Klein, West Palm Beach, for The Academy of Florida Trial Lawyers.
Kimberly A. Ashby of Maguire, Voorhis & Wells, Orlando, for Florida Defense Lawyers Association, amici curiae.
BOYD, Chief Justice.
The First District Court of Appeal, in a decision reported as Snowten v. United States Fidelity and Guaranty Co., 435 So.2d 951 (Fla. 1st DCA 1983), certified to this Court a question of great public importance. We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution and approve the decision of the district court.
Respondent Willie Lee Snowten negligently struck her husband Harold Snowten *1212 while operating the family automobile, causing serious bodily injury. Mr. Snowten brought this negligence action against his wife and their insurance carrier, United States Fidelity and Casualty Co. (Fidelity). Respondents' motion for summary judgment was granted by the trial court based on the interspousal immunity doctrine. The First District affirmed, citing Raisen v. Raisen, 379 So.2d 352 (Fla. 1979), cert. denied, 449 U.S. 886, 101 S.Ct. 240, 66 L.Ed.2d 111 (1980), but certified to this Court as a question of great public importance:
Is the doctrine of interspousal immunity waived, to the extent of available liability insurance, when the action is for a negligent tort?
Snowten, 435 So.2d at 951.
The parties agree that petitioner's damages exceed the $10,000 insurance coverage, that the actions producing the injuries were not intentional, and that the only bar to petitioner's recovery in this action is the doctrine of interspousal immunity. Petitioner asserts that this Court should abrogate the doctrine, arguing that the reasons supporting interspousal immunity are no longer valid and that recent Florida case law reflects a trend away from the doctrine. Although interspousal immunity is a rule of common law adopted by section 2.01, Florida Statutes (1981), petitioner argues that this Court should use its power to abrogate the doctrine.
The policy reasons traditionally advanced for preserving the doctrine of interspousal immunity are (1) the legal unity of husband and wife; (2) avoidance of marital disharmony; and (3) avoidance of fraudulent and collusive claims. Raisen v. Raisen; see also Orefice v. Albert, 237 So.2d 142 (Fla. 1970); Bencomo v. Bencomo, 200 So.2d 171 (Fla. 1967); Corren v. Corren, 47 So.2d 774 (Fla. 1950). These reasons have not lost their vitality since we last visited this issue. This Court reiterated in Raisen, as it had stated in Corren, that the passage of the Married Women's Property Acts did not destroy the legal unity of the marriage relationship. We agree with respondent that
[t]he notion that a woman's legal existence is suspended during marriage, or at least is merged with that of her husband's to the extent that she cannot control her own property or contractual relationships certainly has no place in today's world. That does not mean that married persons are no different than other individuals. The intimacy of the relationship, its mutual financial interests, and societal significance create special circumstances which are not, cannot, and should not be ignored by our legal system.
Likewise, abrogation of interspousal immunity would increase the potential for marital disharmony and collusive claims. As Justice Alderman stated for this Court in Raisen,
[a]dversary tort lawsuits between spouses have an upsetting and embittering effect upon domestic tranquility and the marital relationship. But non-adversary lawsuits that do not disturb the peace and harmony of the marriage encourage fraudulent and collusive claims, particularly where a third-party insurance company must pay any judgment awarded.
379 So.2d at 355. Even if, as it is urged here, the doctrine of interspousal immunity were abrogated only to the extent of insurance coverage, the suit remains "spouse versus spouse" with its potential disruptive effect on the marital unit: the insurance carrier cannot be joined as a party to the action until judgment is obtained against the insured spouse. § 627.7262, Fla. Stat. (Supp. 1982); see also Van Bibber v. Hartford Accident and Indemnity Insurance Co., 439 So.2d 880 (Fla. 1983).
Petitioner argues that our decisions in Ard v. Ard, 414 So.2d 1066 (Fla. 1982); Woods v. Withrow, 413 So.2d 1179 (Fla. 1982); Hill v. Hill, 415 So.2d 20 (Fla. 1982); and Dressler v. Tubbs, 435 So.2d 792 (Fla. 1983), indicate an intention by this Court to recede from our holding in Raisen and abrogate the doctrine of interspousal immunity. We disagree. We did not reach *1213 the certified question in Dressler v. Tubbs, which is essentially the question before us today, because such an answer was unnecessary to the determination of the cause. Therefore that decision should not be interpreted as receding from prior decisions of this Court. Ard, Woods, and Hill all dealt with situations that are distinguishable from this case. Further, this Court will not abrogate any part of the common law enacted by section 2.01 unless there is a compelling need for a change and the reason for the law no longer exists. That is not the case here. We stated in Raisen that the legislature "has not spoken in positive unambiguous language to abrogate interspousal tort immunity." 379 So.2d at 354. As stated by the trial court below,
This Court knows of no phenomenon or circumstance since February 21, 1980 to alter the ... reasoning of the Supreme Court in Raisen, and particularly that portion which stated:
"We expect too much of human nature if we believe that a husband and wife who sleep in the same bed, eat at the same table, and spend money from the same purse can be truly adversary to each other in a lawsuit when any judgment obtained by the plaintiff spouse will be paid by an insurance company and will ultimately benefit both spouses."
Furthermore, [these cases are] akin to the dangerously prevalent view that such payments are free if the insurance company pays for it. Of course, someone, and us all, must pay insurance premiums which are determined on the basis of the risks and losses incurred. (Citing Raisen, 379 So.2d at 355.)
We answer the question in the negative and approve the decision of the district court.
It is so ordered.
ALDERMAN, EHRLICH and SHAW, JJ., concur.
OVERTON, J., dissents with an opinion, in which McDONALD, J., concurs.
ADKINS, J., dissents.
OVERTON, Justice, dissenting.
Consistent with our recent modification of the family immunity doctrine in Ard v. Ard, 414 So.2d 1066 (Fla. 1982), I would modify interspousal immunity to the extent of available liability insurance.
McDONALD, J., concurs.