492 So.2d 1115 (1986)
Ernestine CHATMON, a/K/a Ernestine Woodard, Appellant,
v.
Milford WOODARD, Appellee.
No. 85-2893.
District Court of Appeal of Florida, Third District.
July 29, 1986.
Rehearing Denied September 12, 1986.
*1116 Klein, Oshinsky & Solomon and Michael Solomon, for appellant.
Kimbrell & Hamann and Roy D. Wasson, for appellee.
Before SCHWARTZ, C.J., and NESBITT and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
After the accident involved in this automobile negligence case, but before suit was filed, the plaintiff-appellant and the defendant-appellee were married. The defendant did not initially raise the defense of interspousal immunity, but after some discovery and pre-trial preparation had occurred, moved to amend the answer in order to do so. The trial judge granted the motion and thereupon dismissed the case  for administrative purposes  with leave to reopen the action "for good cause."
On this appeal by the plaintiff, we find no abuse of discretion in granting, even at the relatively late stage to which the case had progressed, leave to amend the pleadings so as to assert an absolute, unanswerable defense to the action.[1] See K.D. Lewis Enterprises Corp. v. Smith, 445 So.2d 1032 (Fla. 5th DCA 1984); Costa Bella Development Corp. v. Costa Development Corp., 445 So.2d 1090 (Fla. 3d DCA 1984); Fla.R.Civ.P. 1.190(a) ("Leave of court shall be given freely when justice so requires."); Fla.R.Civ.P. 1.190(e) ("At every stage of the action the court must disregard any error or defect in the proceedings which does not affect the substantial rights of the parties.").[2] We distinguish De Guido v. De Guido, 308 So.2d 609 (Fla. 3d DCA 1975), on which the appellant heavily relies, on the ground that no attempt to amend the pleadings was involved in that case.
We also approve the form of the disposition of the case in the trial court, which was the functional and practical equivalent of abating the cause of action pending the possible termination of the marriage of the parties by dissolution or death; either event would constitute the "good cause" provided for in the order of dismissal. Abatement upon those conditions is the course of action required under the circumstances by the controlling case of Gaston v. Pittman, 224 So.2d 326 (Fla. 1969).
Affirmed.
NOTES
[1] See Snowten v. United States Fidelity & Guaranty Co., 475 So.2d 1211 (Fla. 1985); Zimmerman v. Zimmerman, 447 So.2d 1019 (Fla. 3d DCA 1984), approved, 478 So.2d 350 (Fla. 1985).
[2] It may have been appropriate to have conditioned permitting the amendment upon the defendant's payment of the additional costs and expenses incurred by the plaintiff as a result of the apparently inexcusable tardiness in asserting the defense. See Fla.R.Civ.P. 1.190(e) ("At any time in furtherance of justice, upon such terms as may be just, the court may permit any process, proceeding, pleading or record to be amended or material supplemental matter to be set forth in an amended or supplemental pleading." [e.s]); 6 C. Wright & A. Miller, Federal Practice and Procedure § 1486 (1971); cf. Flea Market, U.S.A., Inc. v. Cohen, 490 So.2d 210 (Fla. 3d DCA 1986). The plaintiff, however, did not seek that relief below and deliberately rejected it here, preferring to insist upon the untenable position that, because of the "prejudice" sustained by the delay  that is, incurring the very expenses which would have been paid under such an order  she has become entitled to maintain an action which is in fact barred by the law of Florida. We cannot accept a "gotcha" type stratagem like this one. Indeed, its assertion, in the last anaylsis, results in her having waived the right to rely upon the "prejudice" of which she supposedly complains. See State v. Belien, 379 So.2d 446 (Fla. 3d DCA 1980).