496 So.2d 878 (1986)
Shirley Allen SIMON, Appellant,
v.
ALLSTATE INSURANCE COMPANY, a Foreign Corporation, Appellee.
No. 84-2267.
District Court of Appeal of Florida, Fourth District.
October 15, 1986.
Rehearing Denied November 20, 1986.
Pomeroy, Betts & Miller, and Steven R. Berger and Diane K. Kuker of Steven R. Berger, P.A., Miami, for appellant.
Patrick B. Flanagan of Brennan, McAliley, Hayskar, McAliley & Jefferson, P.A., West Palm Beach, for appellee.
BOARDMAN, EDWARD F., Associate Judge (Retired).
Appellant, Shirley Simon, appeals from an adverse final summary judgment entered in a declaratory judgment action involving uninsured motorist (UMI) coverage. We affirm.
*879 Appellant was a passenger in a vehicle owned and operated by her estranged husband. Her husband lost control of the vehicle, and the appellant was injured. At the time of the appellant's injury, the car was covered by liability and uninsured motorist insurance. Apparently, appellant attempted to collect under the liability section of the policy. She was denied liability coverage because the provisions of the policy excluded coverage for bodily injury to any person related to an insured by marriage and residing in the insured's household. Subsequently, the appellant made a claim under the same policy for UMI benefits. The appellant's theory was that the vehicle was uninsured because there was no liability coverage available to her. Allstate denied coverage on the grounds that the doctrine of interspousal immunity precluded her claim.
Appellee, Allstate, commenced an action for declaratory relief to determine whether UMI coverage was precluded by the doctrine of interspousal immunity. Appellant did not file an answer. Allstate moved for summary judgment, which the trial court granted. In the final summary judgment, the trial court found that appellant was not legally entitled to recover from the husband because of the doctrine of interspousal immunity. The court also found that appellant was not legally entitled to recover UMI benefits because the vehicle was neither uninsured nor underinsured. This appeal timely followed.
Appellant's first contention on appeal is that the vehicle was uninsured because liability coverage was not available to her. We do not agree. Her reliance on Boynton v. Allstate Insurance Company, 443 So.2d 427 (Fla. 5th DCA 1984), quashed, 486 So.2d 552 (Fla. 1986), is misplaced. Boynton is distinguishable for the reason that Boynton involved two separate policies. The case at bar involves only one policy which provides both liability and uninsured motorist coverage.[1]
We find that the decision in Reid v. Allstate Insurance Company, 344 So.2d 877 (Fla. 4th DCA 1977), affirmed sub nom, Reid v. State Farm Fire and Casualty Company, 352 So.2d 1172 (Fla. 1977), is controlling here. In Reid, the supreme court held that a vehicle cannot be both an insured and uninsured vehicle under the same policy. Reid, 352 So.2d at 1172. Therefore, the trial court correctly concluded that the appellant was not entitled to UMI coverage.
Even if we had concluded that the rule in Boynton applied here and that the appellant was not precluded from claiming UMI benefits, we would still agree with the trial court's finding that under these facts she was not legally entitled to recover UMI benefits. The insurer effectively stands in the uninsured motorist's shoes and can raise any defense that the uninsured motorist could urge. Boynton, 486 So.2d at 557-58. In the present action, the wife could not obtain a recovery against her husband because of the doctrine of interspousal immunity. See Snowten v. U.S. Fidelity and Guaranty Co., 475 So.2d 1211 (Fla. 1985); Raisen v. Raisen, 370 So.2d 1148 (Fla. 4th DCA 1978), affirmed, 379 So.2d 352 (Fla. 1979), cert. denied, 449 U.S. 886, 101 S.Ct. 240, 66 L.Ed.2d 111 (1980). Since the insurer was subrogated to the husband's substantive defense of interspousal immunity, the trial court was correct in holding that the appellant was not entitled to UMI coverage.
AFFIRMED.
GLICKSTEIN and STONE, JJ., concur.
NOTES
[1] See Boynton, 486 So.2d at 555 n. 5.