GUNTHER, Judge.
We affirm the granting of the defendant’s motion for judgment on the pleadings and the subsequent final judgment entered in favor of the estate of plaintiffs deceased husband.
Plaintiff/appellant claims that the doctrine of interspousal immunity does not bar her from bringing an action for negligence against the estate of her deceased tort-feasor husband. We disagree and hold that the doctrine of interspousal immunity bars such a suit.
The Florida Supreme Court has been very consistent in its position that the doctrine of interspousal immunity bars suits between spouses in the absence of clear legislative abrogation. Snowten v. United States Fidelity and Guaranty Co., 475 So.2d 1211 (Fla.1985); Roberts v. Roberts, 414 So.2d 190 (Fla.1982); Raisen v. Raisen, 379 So.2d 352 (Fla.1979), cert. denied, 449 U.S. 886, 101 S.Ct. 240, 66 L.Ed.2d 11 (1980); Corren v. Corren, 47 So.2d 774 (Fla.1950). In Roberts, a widow sued the personal representative of a deceased husband’s estate alleging that during their marriage the husband intentionally injured her. The court refused to modify the doctrine and affirmed the summary judgment in favor of the estate. Even though the legislature has since abrogated interspousal immunity as it applies to the intentional tort of battery, Roberts is still controlling because of the rationale for the court’s holding:
To allow a tort claim against the decedent spouse’s estate would only add a unique factor to probate of an estate which would not be allowable if the decedent party were living. This could adversely affect dependent family beneficiaries, particularly minor children.
At present, neither the legislature of Florida nor the supreme court has allowed one spouse to sue the other for tortious negligence. Furthermore, this court recently affirmed its adherence to the doctrine in a negligence action in Simon v. Allstate Insurance Co., 496 So.2d 878 (Fla. 4th DCA 1986). Although this court in Brooks v. Sturiano, 497 So.2d 976 (Fla. 4th DCA 1986), found that a wife was not barred by the doctrine of interspousal immunity from suing her husband’s estate for injuries she received as a result of her deceased husband’s negligence, the case is factually distinguishable from the instant case. The Brooks court stressed the factual basis for its decision and stated that there was no reason to be concerned about the public policy considerations of family harmony, children, interspousal friction, divorce, fraud, collusion, nor any other social or legal policy concerns that are normally protected by the defense of interspousal immunity. The majority in Brooks found that these public policy considerations relied on by the Florida Supreme Court in reaching its judgments on cases involving interspousal immunity were not applicable to the facts before it. In the instant case, we are unable to conclude from the facts before us that the appellant is the sole survivor of her deceased husband’s estate. Thus, at least one policy consideration is still viable in this case.
In the instant case, we affirm the trial court because we are bound by the supreme court’s position that the common-law doctrine of interspousal immunity should only be abrogated by legislative act. Snowten, 475 So.2d at 1211; Raisen, 379 So.2d at 353-54; Corren, 47 So.2d at 776.
AFFIRMED.
DELL, J., concurs.
STONE, J., concurs specially with opinion.