PER CURIAM.
This is an appeal by the plaintiff wife, Rose Marie Caputo, from a final summary judgment entered against her in a negligence action which she brought below against the estate of her deceased husband, Sam Caputo. It appears without material dispute that Mrs. Caputo was injured in an automobile accident while traveling as a passenger in an automobile driven by her husband Mr. Caputo; it is alleged that Mr. Caputo was guilty of negligence in this one-car accident and that Mrs. Caputo was severely injured as a result; Mr. Caputo died from the injuries sustained in this accident.
We affirm the final summary judgment under review upon a holding that the instant action was barred by the doctrine of interspousal tort immunity based on the controlling authorities of Snowten v. United States Fidelity & Guar. Co., 475 So.2d 1211 (Fla.1985) and Raisen v. Raisen, 379 So.2d 352 (Fla.1979), cert. denied, 449 U.S. 886, 101 S.Ct. 240, 66 L.Ed.2d 111 (1980). We recognize that the Fourth District has reached a contrary result based on virtually the same facts in Brooks v. Sturiano, 497 So.2d 976 (Fla. 4th DCA 1986), but we decline to follow Brooks because it is, in effect, contrary to the above-cited decisions of the Florida Supreme Court. See Hoffman v. Jones, 280 So.2d 431 (Fla.1973); Brooks v. Sturiano, 497 So.2d at 979-80 (Glickstein, J., concurring in part, dissenting in part).
Affirmed.
HUBBART and FERGUSON, JJ., concur.