BASKIN, Judge
(dissenting).
I decline to join the majority’s opinion rejecting Brooks v. Sturiano, 497 So.2d 976 (Fla. 4th DCA 1986), as an impermissible departure from Snowten v. United States Fidelity & Guar. Co., 475 So.2d 1211 (Fla.1985), and Raisen v. Raisen, 379 So.2d 352 (Fla.1979), cert. denied, 449 U.S. 886, 101 S.Ct. 240, 66 L.Ed.2d 111 (1980). On the contrary, I find that the Brooks court followed Hoffman v. Jones, 280 So.2d 431 (Fla.1973), when it distinguished Brooks from prior cases. Agreeing with Brooks, I conclude that Mr. Caputo’s death from the injuries he sustained in the automobile accident eliminates the rationale for denying waiver of interspousal tort immunity.
In Snowten, the supreme court refused to permit a waiver of interspousal immunity to the extent of available liability insurance covering a negligent tort because it found that “abrogation of interspousal immunity would increase the potential for marital disharmony and collusive claims.” Snowten, 475 So.2d at 1212. The court quoted language in Raisen, 379 So.2d at 355:
“We expect too much of human nature if we believe that a husband and wife who sleep in the same bed, eat at the same table, and spend money from the same purse can be truly adversary to each other in a lawsuit when any judgment obtained by the plaintiff spouse will be paid by an insurance company and will ultimately benefit both spouses.”
Snowten, 475 So.2d at 1213.
Does Snowten prohibit recovery when one spouse has died? I think not. The potentially disruptive effect on the marital unit that caused the supreme court’s concern has been removed; the anticipated marital disharmony does not threaten the partners. Accordingly, I would follow Brooks, reverse the summary judgment entered by the trial court, and remand for further proceedings.