PER CURIAM.
As the result of a slip and fall accident in defendant-appellee’s home, plaintiff-appellant brought a negligence action. After suit was filed, the parties were married. The trial judge granted defendant’s motion for summary judgment and dismissed the case with prejudice, thus barring plaintiff’s right to ever bring an action on the same claim.
We affirm the dismissal based as it was on the doctrine of interspousal immunity. Snowten v. United States Fidelity & Guar. Co., 475 So.2d 1211 (Fla.1985); Raisen v. Raisen, 379 So.2d 352 (Fla.1979), cert. denied, 449 U.S. 886, 101 S.Ct. 240, 66 L.Ed.2d 111 (1980). However, we hold that the dismissal should have been without prejudice. The cases of Gaston v. Pittman, 224 So.2d 326 (Fla.1969) and Chatmon v. Woodard, 492 So.2d 1115 (Fla. 3d DCA 1986) control here. As this court held in Chatmon, “[A]bate[ment] of the cause of action pending the possible termination of the marriage of the parties by dissolution or death” is the proper disposition of a case such as this where the cause of action accrued before marriage. Chatmon, 492 So.2d at 1116.
Affirmed and remanded with directions to enter an order of dismissal without prejudice.