PER CURIAM.
Appellant Sheryl Dykstra-Gulick filed a declaratory judgment action against her husband, appellee Douglas Gulick. In the complaint the wife sought damages for injuries she received in an automobile accident which occurred prior to the parties’ marriage. The husband filed a motion to dismiss the complaint claiming that the wife’s cause of action is barred by the doctrine of interspousal immunity. Upon review of the motion the trial court concluded that the doctrine of interspousal im *407 munity bars the wife’s action and entered an order granting the husband’s motion to dismiss with prejudice.
While we recognize that the proper disposition of the instant case is abatement of the cause of action pending the possible termination of the marriage of the parties, see Gaston v. Pittman, 224 So.2d 326 (Fla.1969); Shoemaker v. Shoemaker, 523 So.2d 178 (Fla. 3d DCA 1988); Chatmon v. Woodard, 492 So.2d 1115 (Fla. 3d DCA 1986), we are constrained to dismiss the instant appeal because this court lacks jurisdiction to review this case. The trial court’s order granting the husband’s motion to dismiss is merely an order granting a motion, not an order dismissing an action, and it is therefore not appealable. Allen v. Florida Dept. of Military Affairs, 576 So.2d 971 (Fla. 5th DCA 1991); Becton v. K & L Contractors, Inc., 573 So.2d 428 (Fla. 5th DCA 1991); Wetterauer v. Frontenac Flea Market, Inc., 573 So.2d 138 (Fla. 5th DCA 1991); McPheeters v. Tolbert, 561 So.2d 18 (Fla. 5th DCA 1990).
DISMISSED.
GOSHORN, GRIFFIN and DIAMANTIS, JJ., concur.