604 So.2d 1282 (1992)
Sheryl DYKSTRA-GULICK, Appellant,
v.
Douglas GULICK, Appellee.
No. 91-1992.
District Court of Appeal of Florida, Fifth District.
September 11, 1992.
Dock A. Blanchard of Blanchard, Custureri, Merriam, Adel & Kirkland, P.A., Ocala, for appellant.
*1283 Anthony J. Salzman of Moody & Salzman, Gainesville, for appellee.
PER CURIAM.
Appellant Sheryl Dykstra-Gulick was injured while riding as a passenger in an automobile owned and operated by appellee Douglas Gulick. Appellant and appellee were married after the accident, and appellant subsequently filed a negligence action against appellee seeking damages for injuries she sustained in the accident. The trial court granted appellee's motion to dismiss the complaint with prejudice holding that appellant's action was barred by the doctrine of interspousal immunity. We reverse the final judgment only to the extent that it provides for a dismissal with prejudice and remand with instructions to abate this action.
The doctrine of interspousal immunity bars an action between a husband and wife based upon negligence. See Snowten v. United States Fidelity & Guaranty Co., 475 So.2d 1211 (Fla. 1985); Raisen v. Raisen, 379 So.2d 352 (Fla. 1979) cert. denied, 449 U.S. 886, 101 S.Ct. 240, 66 L.Ed.2d 111 (1980). See also Sturiano v. Brooks, 523 So.2d 1126 (Fla. 1988). However, if the parties' marriage should terminate by death[1] or dissolution[2] appellant could then maintain her action for negligence. In a case such as this, where the cause of action accrues prior to marriage, abatement of the action pending the possible termination of the marriage by dissolution or death is the proper disposition. See Gaston v. Pittman, 224 So.2d 326 (Fla. 1969); Dykstra-Gulick v. Gulick, 579 So.2d 406 (Fla. 5th DCA 1991); Shoemaker v. Shoemaker, 523 So.2d 178 (Fla. 3d DCA 1988); Chatmon v. Woodard, 492 So.2d 1115 (Fla. 3d DCA 1986).
Because of the important social implications of the doctrine of interspousal immunity, we certify the following question to the Florida Supreme Court as one of great public importance:
WHERE ONE SPOUSE PRIOR TO MARRIAGE NEGLIGENTLY INJURES THE OTHER SPOUSE, SHOULD THE DOCTRINE OF INTERSPOUSAL IMMUNITY BE ABROGATED COMPLETELY TO ALLOW THE INJURED SPOUSE TO MAINTAIN A NEGLIGENCE ACTION DURING THE MARRIAGE AGAINST THE ALLEGEDLY NEGLIGENT SPOUSE FOR ALL OF THE INJURED SPOUSE'S DAMAGES, OR SHOULD THE DOCTRINE BE ABROGATED PARTIALLY TO ALLOW SUCH AN ACTION WHERE RECOVERY IS LIMITED TO THE EXTENT OF INSURANCE COVERAGE?
Accordingly, we affirm the trial court's holding that the instant action is barred by the doctrine of interspousal immunity. However, we reverse the final judgment to the extent that it provides for a dismissal with prejudice, and remand for entry of a final judgment abating this action until such time as the doctrine of interspousal immunity is no longer applicable.
AFFIRMED in part; REVERSED in part and REMANDED.
GOSHORN, C.J. and DIAMANTIS, J., concur.
DAUKSCH, J., concurs specially, with opinion.
DAUKSCH, Judge, concurring specially.
As I did in Raisen v. Raisen, 370 So.2d 1148 (Fla. 4th DCA 1978), approved, 379 So.2d 352 (Fla. 1979), cert. den., 449 U.S. 886, 101 S.Ct. 240, 66 L.Ed.2d 111 (1980). I reluctantly concur because the supreme court has yet to act. Hoffman v. Jones, 280 So.2d 431 (Fla. 1973).
*1284 It is high time, in my opinion, for our courts to recognize the weakness of the arguments for the maintenance of the interspousal immunity doctrine and to step in line with the great majority of other states. After all, it has been done in other intrafamilial immunity cases. See, e.g., Ard v. Ard, 414 So.2d 1066 (Fla. 1982).
The two principal bases upon which the argument is made to maintain this inability to be compensated for injury are 1) the disruption of family, or marital, harmony and, 2) the possibility of collusion between the parties or fraud by them. The first has been largely discounted recently and in this case is hardly a factor because the marriage occurred after the injury and the attorney for appellee has, in no uncertain terms, admitted that he is the attorney for an insurance company and not really seeking the interests of Douglas Gulick. He said at oral argument that he has never consulted Mr. Gulick about his interests. Further, what is more disruptive than to require appellant to get a divorce in order to receive the compensation she is due for her injuries?
As far as collusion or fraud is concerned, this is the only place in the law where the possibility of a defense is a bar to suit. Is that fair? Or is it more fair for the suit to be allowed and the defense to be raised, if warranted, and the trier of the fact to decide? The answer must be obvious.
In Raisen, our supreme court held that it was the province of the legislature, not the court, to decide whether to "abrogate any part of the common law." The court found little hesitancy, however, in changing from contributory negligence to comparative negligence, Hoffman, even though it scolded the district court for its impertinence and presumptiveness (or courage and foresight, if viewed from another perspective). Lately, our supreme court saw fit to "construe" (the court's word) a criminal statute in someone's favor for reasons, inter alia, of "... public policy, reason and common sense... ." Johnson v. State, 602 So.2d 1288 (Fla. 1992). That done in the face of statutory language. Here we have no statute, only tired old common law, so the fruit is ripe for the picking.
All are commended to the thoughtful and scholarly dissent of Judge Gersten in Waite v. Waite, 593 So.2d 222 (Fla. 3d DCA 1991).
NOTES
[1] Sturiano v. Brooks, 523 So.2d 1126 (Fla. 1988). In Sturiano the supreme court held that the wife could maintain a negligence action which arose during marriage against her late husband's estate, Because she was the sole surviving family member with no lineal descendants, no disruption of the family unit could occur and there was nobody with whom she could conspire. The court in Sturiano does not specifically address the situation of surviving lineal descendants and the possible disruption of the family unit. Cf. Ard v. Ard, 414 So.2d 1066 (Fla. 1982).
[2] Gaston v. Pittman, 224 So.2d 326 (Fla. 1969).