807 So.2d 86 (2001)
NATIONAL CASUALTY COMPANY, Appellant,
v.
NORTHERN TRUST BANK OF FLORIDA, N.A., as guardian of the property of Kara Goodman, a minor, incompetent; Lisa Goodman, a minor through her legal guardians and parents, Barbara Goodman and Terry Goodman; Barbara Goodman, individually; Terry Goodman, individually; Lourdes Hainlin, and The Miami Jewish Home & Hospital for the Aged, Inc., Appellees.
No. 3D00-3023.
District Court of Appeal of Florida, Third District.
December 19, 2001.
Rehearing Denied February 27, 2002.
Conroy, Simberg & Ganon, Fort Myers; Robert S. Glazier, Miami, for appellant.
*87 Medvin, Tropp and Joshua D. Medvin, Coral Gables; Searcy, Denney, Scarola, Barnhart, & Shipley, West Palm beach; Caruso, Burlington, Bohn & Compiani and Barbara Compiani, West Palm Beach, for appellees.
Before COPE, FLETCHER and RAMIREZ JJ.
COPE, J.
The question presented is whether a child has a cause of action against his or her mother, based on the mother's prenatal negligence which led to an automobile accident, occasioning prenatal injury. We conclude that the cause of action does exist under the circumstances of this case.
While appellee Barbara Goodman was seven months pregnant, she was involved in an automobile accident. For present purposes it is taken as an established fact that Ms. Goodman was partially at fault in the automobile accident. There was injury to the fetus, which was delivered the next day.
Northern Trust Bank of Florida, N.A., was appointed guardian of the minor child, Kara Goodman. Northern Trust filed suit against Ms. Goodman, among others, for negligent driving, leading to the collision and serious injury to the unborn child. National Casualty Company issued the automobile insurance policy which covers Ms. Goodman for this accident.
National Casualty brought a declaratory judgment action arguing that no cause of action should be recognized for a child against that child's mother, based on the mother's prenatal negligence. The trial court ruled that Florida would recognize such a claim. This appeal follows.
In our view, the determination by the trial court that the cause of action exists (to the extent of insurance coverage) is a logical extension of existing Florida law. We agree with Judge Gerstein's opinion, which states:
Florida has applied the Born Alive Doctrine to allow a lawsuit premised in tort against a third party [for] negligently inflicting pre-natal personal injury, after the child is born alive. Day v. Nationwide Mut. Ins. Co., 328 So.2d 560 (Fla. 2d DCA 1976). Florida law also allows an unemancipated minor child to maintain a negligence action against a parent to the extent of the parent's available liability insurance coverage. Ard v. Ard, 414 So.2d 1066 (Fla.1982). Since a child born alive may maintain a cause of action against a third party for injuries sustained in utero, and a child may sue her mother in tort for negligence, it follows that a child born alive may maintain a cause of action against her mother based upon the negligence of the mother that caused the injury to the child before her birth and that such recovery is available up to the limits of liability insurance coverage. It is the Court's ruling that a child should not be denied compensation for such injury merely because of the identity of the tortfeasor. The Court recognizes that there may be [an] argument that the mother's decision relating to privacy issues or personal health decisions could be impacted by this ruling. However, based on the narrow facts involved in this lawsuit, it is the Court's ruling that there is no public policy against finding a cause of action of the [child] against the mother for simple automobile negligence up to the limits of the insurance coverage. It is the Court's ruling that under these limited circumstances, there is no invasion of the mother's decision-making relating to any privacy issue, nor is there any violation of the mother's right to decision-making relating to her health as well as the fetus.

*88 Krouse v. Krouse, 489 So.2d 106 (Fla. 3d DCA 1986) is instructive on this point. Krouse v. Krouse, supra., involved the recovery of the estate of a deceased son for medical and funeral expenses caused by the negligence of his mother up to the limits of the mother's liability insurance. The Court finds that Krouse v. Krouse, supra., is further support for the Court's ruling on the issue of the pre-natal negligence claim by the [child] against the mother.
National Casualty relies on State v. Ashley, 701 So.2d 338 (Fla.1997), but we do not think it dictates a contrary result. Ashley held that in Florida a mother has common-law immunity from criminal prosecution for causing death or injury to her fetus. The Ashley case did not decide the question now before us.
Affirmed.